NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CORY Z. NEWMAN,**

*Petitioner*

**v.**

**DEPARTMENT OF THE AIR FORCE,**

*Respondent*

---

2019-2297, 2019-2298

---

Petitions for review of the Merit Systems Protection Board in Nos. AT-0752-18-0701-I-1, AT-0752-19-0232-I-1.

---

Decided: January 6, 2021

---

MICHELLE SMITH, Michelle Smith Attorney at Law, Warner Robins, GA, for petitioner.

SHARI A. ROSE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JEFFREY B. CLARK, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR., ERIN MURDOCK-PARK.

---

Before NEWMAN, MOORE, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Corey Z. Newman appealed his removal from employment to the Merit Systems Protection Board. Because the Board correctly determined that Mr. Newman's removal complied with the Master Labor Agreement governing his employment and did not violate Mr. Newman's due process rights, we affirm.

I

Mr. Newman was employed as a sheet metal aircraft mechanic at Robins Air Force Base in Warner Robins, Georgia. On May 29, 2018, the Air Force proposed removing Mr. Newman for misconduct based on two charges: unauthorized absence and failure to comply with leave procedures. *Newman v. Dep't of the Air Force*, AT-0752-18-0701-I-1, 2019 MSPB LEXIS 1688, at *1 (M.S.P.B. May 17, 2019) (*First Decision*). Two specifications supported the charges: (1) Mr. Newman was absent without leave for eight hours on April 13, 2018; and (2) Mr. Newman was absent without leave for five hours on April 16, 2018. The agency also considered his four previous disciplinary actions for unauthorized absence and failure to comply with leave procedures as aggravating factors.

Mr. Newman provided an oral reply to the deciding official, Deputy Director Timothy Gray. After that, the agency notified Mr. Newman of the decision to remove him, effective July 24, 2018.

Subsequently, the agency canceled the removal and indicated on a Standard Form 50 that the removal was canceled due to "Agency error – violation of due process." *Id.* at *2. The agency indicated a due process violation may have occurred because, following Mr. Newman's in-person reply to Mr. Gray, Mr. Gray had several ex parte communications with Mr. Newman's supervisors, and

Mr. Newman was not given the opportunity to respond to the information Mr. Gray discovered during the course of his investigation. *Id.* at *18–20. On October 1, 2018, the agency notified Mr. Newman that it had canceled the removal, and that his pay and benefits would be reinstated, effective July 24, 2018, although he would be placed on "non-duty with pay status." S.A. 79. The notice also informed Mr. Newman that the Air Force was still considering taking disciplinary action based on the incidences of unauthorized absence and failure to follow leave procedures. *Id.*

Two days later, on October 3, 2018, the Air Force issued a second notice of proposed removal on the same charges and specifications as the original proposal notice. The second proposal informed Mr. Newman of the same aggravating factors as the initial proposal, described the additional information Mr. Gray had received in the initial proposed removal action, and provided Mr. Newman with the right to reply to the proposed removal.

Mr. Newman provided an oral and written reply to the deciding official, Mr. Gray, and was subsequently removed on January 9, 2019. The removal notice informed Mr. Newman that Mr. Gray only considered the unauthorized absence specification for April 16, 2018 in rendering his decision and that the specification relating to April 13, 2018 was considered as an aggravating factor.

Mr. Newman appealed the agency's decisions to remove him. Although the agency had canceled the first removal action, the Board determined that it retained jurisdiction over the appeal of the first removal action because the agency had not established that it had provided Mr. Newman with all of the relief he could have received if he had prevailed before the Board. *First Decision*, 2019 MSPB LEXIS 1688, at *3. Mr. Newman then appealed the agency's second removal decision, and the Board held one

hearing on both appeals and issued separate decisions sustaining Mr. Newman's removal.  *First Decision*, 2019 MSPB LEXIS 1688; *Newman v. Dep't of the Air Force*, AT-0752-19-0232-I-1, 2019 MSPB LEXIS 2347 (M.S.P.B. July 3, 2019) (*Second Decision*).

## II

We review a decision of the MSPB for whether it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Avalos v. Dep't of Hous. and Urban Dev.*, 963 F.3d 1360, 1365 (Fed. Cir. 2020).

## A

In this appeal, Mr. Newman first contends that the Master Labor Agreement (MLA) between the Air Force and the union, the American Federation of Government Employees, precludes an agency from effecting disciplinary action based on misconduct that occurred more than 45 days prior to the action.

"Interpretation of a collective-bargaining agreement is a question of law we review de novo." *Garcia v. Dep't of Homeland Sec.*, 780 F.3d 1145, 1147 (Fed. Cir. 2015). "We begin with the plain language of the agreement." *Id.* "We give the words in the agreement their ordinary meaning unless the parties mutually intended and agreed to an alternative meaning." *Id.* (citing *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998)).

Section 5.01.b of the MLA reads:

Discipline is the responsibility and the right of the Employer.  The Employer agrees that disciplinary

actions shall be based on just and sufficient cause and in accordance with applicable laws. The Employer further agrees to effect disciplinary actions in an efficient and timely manner. In this respect, when an employee is subject to discipline, the Employer *will strive* to effect disciplinary action within either 45 days of the offense, the Employer's awareness of the offense, or the completion of an investigation of the matter by other than the supervisor, whichever occurs later. If, for reasons of significantly changed circumstances, further delay in taking the action is anticipated, a written notice from the Employer to the employee advising that disciplinary action is being considered, the general basis for the action, reason for the delay, and that the employee will be informed when a decision has been made satisfies the requirements of this section.

S.A. 49 (emphasis added).

Because § 5.01.b of the MLA states that the "Employer *will strive* to effect disciplinary action within . . . 45 days of the offense," it "articulate[s] a goal, rather than a mandatory time limit." *Stevens v. Dep't of the Air Force*, 395 F. App'x. 679, 682 (Fed. Cir. 2010) (interpreting a different MLA with identical language); *accord Trojan Techs., Inc. v. Com. Of Pa.*, 916 F.2d 903, 906 (3d. Cir. 1990) (interpreting the language "strive to achieve" as "hortatory rather than mandatory"). Further, "because no language in the agreement specifies a consequence for noncompliance, it is best read as a housekeeping requirement that is not judicially enforceable." *Stevens*, 395 F. App'x. at 682 (internal quotations and citations omitted); *see also Timken U.S. Corp. v. United States*, 421 F.3d 1350, 1357 (Fed. Cir. 2005). Therefore, we hold that the plain language of the MLA does not require the Air Force to effect disciplinary

action within 45 days of the offense.[1]  Accordingly, we see no error in the Board's determination that Mr. Newman's first removal was consistent with the MLA, as he received notice of his proposed removal 46 days after the first misconduct that led to his removal, and within 45 days of the second misconduct that led to his removal.

Further, while Mr. Newman received a second notice of proposed removal several months after the conduct occurred, the Board found that the October 1, 2018, written notice to Mr. Newman "met the requirements under the MLA to justify the agency's delay for reasons of significantly changed circumstances." *Second Decision*, 2019 MSPB LEXIS 2347, at *8.  The October 1 notice informed Mr. Newman of the "significantly changed circumstance" that the first removal was canceled, that disciplinary action was still being considered against him based on his April 13 and April 16 misconduct, and that he would be notified in writing of any proposal of disciplinary action.  *Id.* at *7–8.  Therefore, we see no error in the Board's decision that this notice satisfied the MLA's requirements for delayed action due to significantly changed circumstances.

Because the plain language of the MLA does not require the Air Force to effect disciplinary action within 45 days of an offense, and because the October 1, 2018 notice met the requirements under the MLA to justify the Air Force's delay for reasons of significantly changed circumstances, we find that the Board's decision that Mr. Newman's removal was consistent with the MLA was in

---

[1]    We do not hold that no amount of delay could ever violate the 45-day goal set out by the MLA, only that discipline effected outside the 45-day window does not per se violate the MLA.

accordance with law and was supported by substantial evidence.

## B

Mr. Newman also contends that the Air Force violated his due process rights and committed harmful error by canceling the first removal action only to issue a second notice of removal based on the same conduct as the first removal. He argues that the Air Force should have amended the first proposal, rather than canceling it. We reject this argument.

The Board determined that the agency canceled the first removal specifically because the deciding official, Mr. Gray, had engaged in *ex parte* communications and Mr. Newman had not been given the opportunity to respond. *Second Decision*, 2019 MSPB LEXIS 2347, at \*12–13. The agency's second removal action remedied this by describing the nature of the *ex parte* information Mr. Gray received and giving Mr. Newman the opportunity to respond, which he did both in writing and orally. Mr. Newman provides no reason why an amendment to the original notice of proposed removal would not violate his due process rights, but a cancellation of the first action and issuance of a second notice of proposed removal does. Nor do we see any legitimate reason for such a distinction.

Indeed, the agency properly recognized that it might have committed a harmful procedural error and took prompt steps to remedy that error by (1) canceling the first removal, (2) reinstating him with full pay and (3) issuing a new proposal of removal with an additional opportunity to respond. Mr. Newman received all the process he was due. Therefore, we agree with the Board that Mr. Newman failed to establish that the agency violated his due process rights or committed harmful error.

## III

Mr. Newman does not challenge any other aspects of his removal on appeal.  Because we hold that the MLA does not require the Air Force to effect disciplinary action within 45 days of the occurrence of misconduct, and because the Board's determination that Mr. Newman's removal did not violate due process or constitute harmful error is in accordance with law and supported by substantial evidence, we affirm.

**AFFIRMED**